FILED
CLERK, U.S. DISTRICT COURT
12/19/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. 2:23-cr-00640-FMO |
|---|---|
| Plaintiff, | I N F O R M A T I O N |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2), 1028(b)(5) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| HOVHANNES TUMANYAN, | |
| Defendant. | |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 1349]

Beginning in or before 2020, and continuing through at least December 2, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant HOVHANNES TUMANYAN conspired with others to commit bank fraud, in violation of Title 18, United States Code, Section 1344.  The object of the conspiracy was carried out, and to be carried out, in substance, as follows:  Defendant TUMANYAN's co-conspirators would apply for unemployment benefits using the identities of other persons who were not entitled to them.  Defendant

TUMANYAN's co-conspirators would use debit cards issued by Bank of America, a federally-insured financial institution, to withdraw those unemployment benefits.  Defendant TUMANYAN would collect in his residence the cash proceeds from those withdrawals, and then provide them to other members of the conspiracy.

COUNT TWO

[18 U.S.C. § 1028A(a)(1)]

Beginning in or before 2020, and continuing through at least December 2, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant HOVHANNES TUMANYAN knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, including the social security number of victim J.J. on or about July 17, 2020, during and in relation to a felony violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Bank Fraud, as charged in Count One of this Information, knowing that the means of identification belonged to another actual person.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c),
18 U.S.C. § 982(a)(2) and 18 U.S.C. § 1028(b)(5)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to defendant HOVHANNES TUMANYAN ("defendant") that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 18, United States Code, Section 982(a)(2) and Title 18, United States Code, Section 1028(b)(5), in the event of defendant's conviction of any offense set forth in Count One or Count Two of this Information.

2.  Defendant shall forfeit to the United States the following property:

    a.  All right, title and interest in any and all property, real or personal:

        (1) constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of any offense set forth in Count One or Count Two of this Information including, without limitation $170,835.00 in U.S. Currency and $125,000.00 in U.S. Currency seized on or about December 2, 2020 during the execution of a warrant at a Glendale, California residence; and

        (2) used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any offense set forth in Count One or Count Two of this Information including, without limitation, $170,835.00 in U.S. Currency and $125,000.00 in U.S. Currency seized on or about December 2, 2020 during the execution of a warrant at a Glendale, California

4

residence; and

       b.  A sum of money equal to the total value of the property described in subparagraph 2a above.

    3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), Title 18, United States Code, Section 1028(g) and Title 28, United States Code, Section 2461(c), defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

E. MARTIN ESTRADA
United States Attorney

*/s/ Mack E. Jenkins*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

RANEE A. KATZENSTEIN
Assistant United States Attorney
Chief, Major Frauds Section

ANDREW BROWN
Assistant United States Attorney
Major Frauds Section